Case No. 4,992.

FOURTH NAT. BANK v. WALKER et al.

[24 Int. Rev. Rec. 211; 10 Chi. Leg. News, 323.]

Circuit Court, N. D. Illinois. 1878.

paid. H. H. Walker was equally estopped in view of his relations in this matter to Samuel J. Walker. But if Samuel J. Walker and H. H. Walker are to be regarded as having distinct, separate rights, then the lien claimed by Greenebaum and Foreman can be sustained upon the ground that S. J. Walker had the right, as guarantor, to take up the $25,000 note and transfer his claim as guarantor to the parties from whom he obtained the means with which to take up the note. In a suit by Greenebaum and Foreman, against the Walkers, to enforce the lien given by the trust deed, the latter would be estopped from saying that the debt had been fully paid, or from disputing the lien. The rights of Greenebaum and Foreman are none the less in this action, since the debt and lien asserted by the complainants were both created subsequent to the delivery to Greenebaum and Foreman of the Walker note and deed of trust. Greenebaum and Foreman are entitled to the benefit of the security received from S. J. Walker for such amount as was due upon the Price note surrendered to Walker.

Monroe, Bisbee & Ball, for complainant.
Rosenthal & Pence, for Greenebaum and Foreman.

Held by HARLAN, Circuit Justice. That as to Maher and wife and Pearce, the note for $25,000, held by Greenebaum and Foreman was paid. As between Greenebaum and Foreman and Samuel J. Walker, the latter was estopped by his representations to the former from alleging that it had been

